# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EDITH MAE MAY,

    **Plaintiff,**

v.                                    Case No. 18-CV-1452

TIMOTHY HESCHKE,

    **Defendant.**

## ORDER

On September 18, 2020, I granted in part and denied in part the defendants' motion for summary judgment (ECF No. 89.) Plaintiff Edith Mae May's claim against Timothy Heschke was the only claim to survive. May then filed a motion for substitution of judge, (ECF No. 90), and a motion for reconsideration of the summary judgment order. (ECF No 91.) May also filed a motion requesting an expedited order directing Taycheedah Correctional Institution to provide her with legal supplies. (ECF No. 94.) I will address each motion in turn.

    *1. Motion for Substitution of Judge*

In her motion, May states that she does not believe I reviewed all 300 pages of material she submitted when deciding her summary judgment motion, and on this basis, I should be removed from her case. (ECF No. 90, ¶¶ 2-5.) In this district, there is no mechanism for a party to request a substitution of judge. As such, I

construe May's motion as a motion for me to disqualify or recuse myself from the case.

On a motion to recuse under 28 U.S.C. § 455(a), a federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This requires some allegation of appearance of bias such as suggesting the judge relied upon knowledge acquired outside such proceedings or displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 556 (1994) May does not allege any bias but takes issue with my ruling on her summary judgment motion and my consideration of the evidence. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See id.* at 555.

A motion to disqualify under 28 U.S.C. § 144 imposes an even higher standard. Unlike a motion to recuse under 28 U.S.C. § 455, which simply requires the reasonable appearance of bias, a motion to disqualify under § 144 requires a showing of *actual bias. See United States v. Balistreri,* 779 F.2d 1191, 1201 (7th Cir. 1985). And only personal animus or malice on the part of the judge can establish actual bias. *See id.* May makes no such showing. As such, I will deny her motion to recuse or disqualify.

2. *Motion to Reconsider the Summary Judgment Order*

May also asks for reconsideration of the order on the defendants' motion for summary judgment. She does not cite any rule supporting this motion, but there are two rules under the Federal Rules of Civil Procedure that parties can use to ask

courts to re-visit prior decisions—Fed. R. Civ. P 59(e), which allows a party to file a motion to alter or amend a judgment within 28 days of the court entering judgment; and Fed. R. Civ. P. 60(b), which allows a court to grant relief from a final judgment within a reasonable time. Rule 60 does not apply here because I have not yet entered a final judgment in May's case.

However, I can consider May's motion under Rule 59(e). May's motion is timely under Rule 59(e) because she filed it 25 days after the summary judgment order was entered. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

May states that her motion should be granted because she found inconsistencies in the summary judgment order. (ECF No. 91, ¶ 3.) She then argues that I did not properly consider all 300 pages of evidence regarding her suicide attempts and on that basis her motion should be granted. (*Id.*, ¶ 7.) May is simply taking issue with the way her evidence was evaluated and considered. This is not a basis for granting her motion. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court). May's motion for reconsideration is denied.

3

### 3. *Motion for Legal Supplies*

May requests that an expedited ruling be granted on her motion for legal supplies. It is unclear from May's motion if she is referring to a motion that she previously filed in one of her many other cases in this district or if she is referring to this motion. If she is referring to this motion, May does not provide many details regarding why she does not have legal supplies other than she states she has no money. She does not explain what Taycheedah is doing (or not doing) to prevent her from having legal supplies and how it impacts her ability to litigate this particular case. She does state it impacts her ability to litigate her other cases. Regardless, I cannot intervene in the day-to-day operations of Taycheedah Correctional Institution and order the institution to provide May legal supplies--at least not in this case. This case does not concern any other access-to-courts claims that May may have filed. Also, counsel has recently been recruited for May for this case, so she does not need access to legal materials to litigate it. As such, I will deny her motion.

I also note that page three of this motion appears to be a motion for sentence credit due in Case No. 15-CF-147. (ECF No. 94 at 3.) This case does not appear to exist in this district court. As such, this part of the motion will be disregarded because it appears to have been filed in error.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that May's motion to substitute judge (ECF No. 90) is **DENIED.**

**IT IS FURTHER ORDERED** that May's motion for reconsideration (ECF No. 91) is **DENIED**.

**IT IS FURTHER ORDERED** that May's motion for legal supplies (ECF No. 94) is **DENIED.**

Dated at Milwaukee, Wisconsin this 17th day of December, 2020.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge